UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| ALDEN JOE DANIEL, JR., et al.,      ) | |
|                      ) | |
| *Plaintiffs*,      ) | |
|                      ) | |
| v.      ) | No. 3:07-cv-175 |
|                      ) | *Phillips* |
|                      ) | |
| GOVERNOR PHIL BREDESEN,      ) | |
|                      ) | |
| *Defendant*.      ) | |

## **MEMORANDUM**

This is a *pro se* prisoners' civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on various non-dispositive motions filed by the parties, as well as a motion to dismiss filed by the defendant and plaintiffs' response thereto. For the following reasons, the motion to dismiss will be **GRANTED** and this action **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

I.      Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.     Factual Background

Plaintiffs are convicted sex offenders. They allege that the state statute requiring community supervision for life for persons convicted of certain sex offenses, and the statute setting forth the penalties for the violation of community supervision, are facially invalid under the U.S. Constitution.

Section 39-13-524 of the Tennessee Code Annotated provides as follows:

> (a) In addition to the punishment authorized by the specific statute prohibiting the conduct, any person who, on or after July 1, 1996, commits a violation of § 39-13-502 [aggravated rape], § 39-13-503 [rape], § 39-13-504 [aggravated sexual battery], § 39-13-522 [rape of a child], or attempts to commit a violation of any of these sections, shall receive a sentence of community supervision for life.

(b) The judgment of conviction for all persons to whom the provisions of subsection (a) apply shall include that the person is sentenced to community supervision for life.

(c) The sentence of community supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon the person by the court or upon the person's release from regular parole supervision, whichever first occurs.

(d)(1) A person on community supervision shall be under the jurisdiction, supervision and control of the board of probation and parole in the same manner as a person under parole supervision. The board is authorized on an individual basis to establish such conditions of community supervision as are necessary to protect the public from the person's committing a new sex offense, as well as promoting the rehabilitation of the person.

(2) The board is authorized to impose and enforce a supervision and rehabilitation fee upon a person on community supervision similar to the fee imposed by § 40-28-201 [for parolees]. To the extent possible, the board shall set the fee in an amount that will substantially defray the cost of the community supervision program. The board shall also establish a fee waiver procedure for hardship cases and indigency.

The State has set forth the following prescribed penalties for the violation of community supervision:

(a) It is an offense for a person to knowingly violate a condition of community supervision imposed upon the person pursuant to § 39-13-524.

(b)(1) If the conduct that is a violation of a condition of community supervision does not constitute a criminal offense, the violation is a Class A misdemeanor.

(2) If the conduct that is a violation of a condition of community supervision also constitutes a criminal offense that is classified as a misdemeanor, the violation is a Class A misdemeanor.

(3) If the conduct that is a violation of a condition of community supervision also constitutes a criminal offense that is classified as a felony, the violation is a Class E felony.

>        (4) Each violation of a condition of community supervision constitutes a separate offense.
>
>        (c) If the violation of community supervision involves the commission of a new offense, the sentence for a violation of this section shall be served consecutive to any sentence received for the commission of the new offense.

Tenn. Code Ann. § 39-13-526.

In addition, a person sentenced to community supervision for life may, after 15 years on supervision, petition his sentencing court for release from supervision. *Id.* § 39-13-525(a). If the petitioner has been convicted of a crime while on community supervision, the sentencing court must deny the petition without a hearing. *Id.* § 39-13-525(d)(1). Otherwise, the sentencing court is required to conduct a hearing on the petition and consider, along with other relevant testimony, the testimony of a psychiatrist or licensed psychologist who has evaluated the petitioner. *Id.* § 39-13-525(d)(2).

Plaintiffs allege that the statute requiring community supervision for life, and the statute setting forth the penalties for violation of community supervision, violate the following constitutional guarantees: the Fifth Amendment rights to equal protection and due process; the Fifth Amendment right against double jeopardy; the Sixth Amendment rights of the accused; the Eighth Amendment right against cruel and unusual punishment; and the Separation of Powers Doctrine. They ask this court to declare the statutes at issue to be unconstitutional and to enjoin the State from enforcing them.

III. Discussion

### A. *Equal Protection*

Plaintiffs claim that they are a suspect class for equal protection purposes. "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989), (citing *Washington v. Davis*, 426 U.S. 229, 247-48 (1976)). The class of individuals protected by the Equal Protection Clause are "those so-called 'discrete and insular' minorities" that receive special protection because of "inherent personal characteristics." *Browder v. Tipton*, 630 F.2d 1149, 1149 (6th Cir. 1980). As sex offenders, plaintiffs are not members of a suspect class and thus cannot state a claim for an equal protection violation. *See Jackson v. Jamrog*, 411 F.3d 615, (6th Cir. 2005) ("Without question, prisoners are not considered a suspect class for purposes of equal protection litigation.").

### B. *Due Process*

Plaintiffs claim that the community supervision for life statutes deprive them of certain fundament rights without due process of law, in violation of the Fifth Amendment. Specifically, plaintiffs allege that the conditions of community supervision, to which they are subject and for which violation they can be prosecuted, are not outlined in the statutes

5

themselves and thus are facially vague. Conditions of community supervision, however, have been promulgated by the Board of Probation and Parole for the State of Tennessee pursuant to authority granted by the legislature. [Court File No. 7, Exhibit A to Memorandum in Support of Complaint, Specialized Parole Conditions for Sex Offenders].

The conditions with which a sex offender must comply are clearly set forth and are not vague. Accordingly, plaintiffs have failed to state a due process violation. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) ("the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement").

### *C. Double Jeopardy*

The Double Jeopardy Clause of the Fifth Amendment guarantees three separate constitutional protections: protection against a second prosecution for the same offense after acquittal, protection against a second prosecution for the same offense after conviction, and protection against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Plaintiffs claim they will be punished twice for the same offense if sentenced to community supervision for life. In general, double jeopardy principles are not applicable to sentencing proceedings and plaintiffs' argument lacks merit. *See United*

*States v. Wheeler*, 330 F.3d 407, 413 (6th Cir. 2003) ("double jeopardy principles generally have no application in the sentencing context").

### D. Rights of the Accused

Plaintiffs claim that the rights an accused in a criminal prosecution enjoys pursuant to the Sixth Amendment, specifically the right to confront witnesses against him, will be violated by enforcement of the community supervision for life statutes. They make specific reference to that fact that "[a] person on community supervision shall be under the jurisdiction, supervision and control of the board of probation and parole in the same manner as a person under parole supervision." Tenn. Code Ann. § 39-13-524(d)(1). According to plaintiffs, a parolee facing revocation of parole has "the right to confront and cross-examine witnesses unless good cause is shown that they should not, or cannot testify." [Court File No. 7, Exhibit E to Memorandum in Support of Complaint, Tennessee Board of Parole Preliminary Hearing Summary].

It is true that there is no absolute right to confront and cross-examine witnesses at a parole revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 487 (1972). Nevertheless, a violation of community supervision constitutes a criminal offense subject to prosecution by the District Attorney General in the appropriate court in the county where the offense occurred. [Court File No. 22, Exhibit 2 to Response in Opposition to Motion for Preliminary Injunction, Sex Offender Supervision

Manual, Section XV. Community Supervision for Life (CSL), subpart I, 9, pp. 26-27, Violation Procedures for CSL]. Under such circumstances, the defendant would be entitled to the protections of the Sixth Amendment and plaintiffs' argument lacks merit.

### E. Cruel and Unusual Punishment

Plaintiffs claim that the imposition of community supervision for life constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." Generally, a prison official violates an inmate's rights under the Eighth Amendment if, acting with deliberate indifference, the official exposes the inmate to a substantial risk of harm to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In addition, "[d]etention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (quoting *Estelle v. Gambel*, 429 U.S. 97, 104-06 (1976)). Supervision after release, however, does not constitute detention. Accordingly, plaintiffs' Eighth Amendment claim lacks merit.

## F. Separation of Powers Doctrine

Plaintiffs claim that the community supervision for life statute violates the separation of powers doctrine of the federal constitution. The Constitution provides for three branches of government: the legislative, the executive, and the judicial. U.S. Const. art. 1-3, respectively. Individual liberty is protected from the abuse of government through the "separation of government powers into three coordinate Branches." *Mistretta v. United States*, 488 U.S. 361, 380 (1989). The Constitution further provides that "[a]ll legislative Powers herein granted shall be vested in a Congress of the United States." U.S. Const., Art. I. § 1. This "nondelegation doctrine" is an integral part of the separation of powers of our system of government. However, the Supreme Court has stated that "the separation-of-powers principle, and the nondelegation doctrine in particular, do not prevent Congress from obtaining the assistance of its coordinate Branches." *Mistretta*, 488 U.S. at 372 (holding that the federal sentencing guidelines do not violate separation of powers).

Plaintiffs claim that by giving the parole board the authority to establish conditions of community supervision, without establishing statutory restraints limiting the board's discretion, the legislature violated the separation of powers doctrine. Plaintiffs have raised this as a matter of federal constitutional law. The federal constitution's separation of powers doctrine, however, is concerned only with federal legislation and not state legislation like the community supervision for life statute. Accordingly, plaintiffs' claim of a violation of separation of powers lacks merit.

IV.     Conclusion

The defendant is entitled to judgment as a matter of law. For that reason, the defendant's motion to dismiss will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

               s/ Thomas W. Phillips
               United States District Judge